E-FILED
Friday, 20 May, 2005 02:19:23 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FILED

MAY 1 9 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JANETTA K. BENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 05-1155 |
| THE PRUDENTIAL INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF REMOVAL OF CAUSE

To:   John R. Rehn
      Attorney at Law
      311 E. Main Street, Suite 412
      Galesburg, Illinois 61401

Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential"), pursuant to 28 U.S.C. § 1446 and the Rules of the United States District Court, Central District of Illinois, notifies this Honorable Court that the above-entitled cause has been removed from the Circuit Court of the Ninth Judicial Circuit, Knox County, Illinois, and in support of said notice states as follows:

1.   The Summons and Complaint in this matter were served on the Illinois Department of Insurance on April 29, 2005. Within 30 days prior to the date of filing this pleading, Prudential received the Summons and Complaint in this matter. **Copies of the Summons and Complaint are attached hereto as Exhibit A.** The Summons and Complaint are the only pleadings that have been received by Prudential.

2.   The Complaint, which seeks an award of past and future long term disability benefits, as well as court costs and attorneys' fees, states a cause of action under the Employee

262302.1

Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001 *et seq.* Prudential denies that it is liable to Plaintiff for any of the relief sought in the Complaint.

3. Plaintiff seeks long-term disability benefits under a long-term disability group policy No. DG-91046-IL, sponsored by Dick Blick Holdings, Inc. and underwritten by Prudential. Thus, Plaintiff's cause of action relates to an employee welfare benefit plan, as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). *See also* **Exhibit A at ¶ 1.**

4. This Court has original jurisdiction over this action under 29 U.S.C. §§ 1132 and 1144, and 28 U.S.C. § 1332. Prudential is, therefore, entitled to remove this action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1441. In compliance with 28 U.S.C. § 1446(b), this Notice of Removal is filed with this Court within thirty (30) days after receipt of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based and within thirty (30) days after service of summons.

WHEREFORE, Defendant Prudential notifies that this cause has been removed from the Circuit Court of the Ninth Judicial Circuit, Knox County, Illinois, to the United States District Court for the Central District of Illinois, pursuant to the provisions of 28 U.S.C. § 1446 and the Rules of the United States District Court for the Central District of Illinois.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

By: *Edna Bailey*
One of its attorneys

Daniel J. McMahon
Jason M. Kuzniar
Edna S. Bailey
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP

262302.1

120 North LaSalle Street, Suite 2600
Chicago, IL 60602
(312) 704-0550

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the above and foregoing pleading was deposited in the U.S. Mail, enclosed in an envelope properly addressed to:

John R. Rehn
Attorney at Law
311 E. Main Street, Suite 412
Galesburg, Illinois 61401
Tel: 309-342-4200

before the hour of 5:00 p.m. this 18th day of May, 2005.

*Edna S. Bailey*
Edna S. Bailey

262302.1

# Illinois Department of Financial and Professional Regulation
## Division of Insurance

**ROD R. BLAGOJEVICH**
Governor

**FERNANDO E. GRILLO**
Secretary

Michael T. McRaith
Director
Division of Insurance

May 2, 2005

The Prudential Insurance Company of America
Corporate Comptroller's - Accounting
213 Washington Street   9th Floor
Newark, New Jersey  07102-2992

MAY 1 0 2005

Re:  Case Number:  05 L 16

Gentlemen:

Enclosed please find a copy of Summons and Complaint mailed and received in my Springfield Office as your agent for service of process on April 29, 2005 in the case of Janetta K. Benson, vs. your company.

Sincerely,

Michael T. McRaith
Director

MTM:BAB:msc
Encl.

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

www.idfpr.com

EXHIBIT A

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT**
**KNOX COUNTY, ILLINOIS**

| | |
|---|---|
| Janetta K. Benson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05-L-16 |
| ) | |
| Prudential Insurance Company of America ) | |
| Defendant. ) | |

### SUMMONS

To each defendant: Prudential Insurance of America / care of the Director of Division of Insurance for the State of Illinois, 320 West Washington Street, Springfield Illinois, 62767

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the Officer:

This summons must be returned by the officer or other person to whom it was given for service with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

_April 28_, 2005

**KELLY CHEESMAN** by Sally Scott
Clerk of Court

John R. Rehn
Attorney at Law
311 E. Main Street, Suite 412
Galesburg, Illinois 61401
Phone: 309-342-4200

Date of Service _____, 20015

1

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
KNOX COUNTY, ILLINOIS

Janetta K. Benson,                )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   No. 05-L-16
                                  )
Prudential Insurance Company of America  )
                                  )
                                  )
                                  )
                                  )
            Defendant.            )

## COMPLAINT

**NOW COMES** the Plaintiff, Janetta K. Benson by her attorney, John Rehn and for her Complaint against the Defendant, Prudential Insurance of America (Prudential) states:

### ERISA CLAIM

1. This Court has jurisdiction of claims brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1100, *et seq.* (hereinafter "ERISA").

2. Venue is proper as the transactions giving rise to the Complaint occurred within Knox County, Illinois.

3. Janetta K. Benson is an adult resident citizen of Knox County, Illinois.

4. Prudential is an insurance company incorporated in New Jersey and licensed to do business in Illinois.

5. In March 2001 Benson was employed by Dick Blick in Knox County, Illinois.

6. During March 2001 as an employment benefit, Benson was insured under a long term disability insurance policy uderwritten by Prudential (under group policy #91406 -see

1

excerpts from policy attached as exhibit 1).

7. On or about March 2001 Benson discontinued working for Dick Blick due to medical problems which were ultimately diagnosed as fibromyalgia.

8. The policy explains that a person is disabled when they are unable to perform the material and substantial duties of their regular occupation due to the person's sickness or injury and the covered person has a 20% or more loss in their indexed monthly earnings due to that sickness or injury (see exhibit 1 page 10).

9. Benson is disabled as a result of fibromyalgia and eligible for long term disability benefits under the group policy.

10. After initially awarding Benson long term disability benefits, Prudential terminated the benefits in a letter dated June 10, 2002 claiming Benson was not entitled to benefits based upon the pre-existing condition exclusion.

11. Benson appealed the June decision and in August 2002, Prudential denied the appeal based upon the pre-existing condition clause.

12. On September 12, 2003, Benson made another appeal asserting the pre-existing condition clause was inapplicable.

13. On November 24, 2003, Prudential decided that the pre-existing condition clause did not apply. However, Prudential claimed that the disability benefits should have terminated in June 2003 based upon portions of the policy that limited disability benefits to a 24 month timeframe if the condition was based upon self reporting symptoms. Additionally, Prudential claimed Benson was limited to 24 months of benefits because the disability was due in whole or part to a mental illness.

14. The policy does have a 24 month limitation on the payment of disability benefits if the sickness or injury is primarily based on self-reported symptoms or which are due in whole or part to mental illness (See page 18 of exhibit 1).

15. Benson's disability is not primarily based on self-reported symptoms and is not due in whole or part to mental illness.

16. In April 2004 Benson appealed Prudential's November 2003 decision.

17. On May 19, 2004, Prudential denied Benson's appeal and informed Benson she had exhausted the appeal process of the policy.

18. Benson is entitled to disability benefits under the Prudential policy.

19. Prudential breached the contract by not paying Benson the benefits she is due.

20. Prudential's decision to deny Benson her long term disability benefits was arbitrary, capricious, not made in good faith, unsupported by substantial evidence, erroneous as a matter of law and in violation of ERISA.

21. As a direct and proximate result of the actions of the defendant Prudential, Benson has incurred and continues to incur attorney's fees in an amount currently not known to plaintiff.

22. As a direct and proximate result of Prudential's actions, Benson has lost benefits in an amount not known in full by the plaintiff but upon information and belief such loss approximates the amount of benefits due under the terms of the disability policy for each month since June 2003 and the amount Benson will continue to sustain each month until the benefits are paid in full. (Benson acknowledges that Prudential would be due some adjustment to the benefit amount due based upon the social security disability award Benson received).

**WHEREFORE**, Janetta K. Benson, respectfully prays that this Court enter judgment in

her favor and against the Defendant, Prudential for:

    (a)    An order for defendant to pay Benson all disability benefits accrued and unpaid to the date of this judgment;

    (b)    An order for Prudential to designate Benson as an eligible participant and to pay Benson her monthly disability benefits from the date of judgment henceforth

    (c)    Reasonable attorney's fees;

    (d)    All costs of suit; and

    (e)    Any other such relief as this Court deems just and necessary.

Respectfully submitted,

*[signature]*

John R. Rehn  
Attorney at Law  
311 E. Main Street, Suite 412  
Galesburg, Illinois 61401  
Phone:    309-342-4200  
TeleFax:    309-341-2462

# Benefit Highlights

## LONG TERM DISABILITY PLAN

This long term disability plan provides financial protection for you by paying a portion of your income while you have a long period of disability. The amount you receive is based on the amount you earned before your disability began. In some cases, you can receive disability payments even if you work while you are disabled. Benefits start after the elimination period.

| | |
|---|---|
| **Program Date:** | January 1, 2000 |
| **Contract Holder:** | DICK BLICK HOLDINGS, INC. |
| **Group Contract Number:** | DG-91046-IL |
| **Covered Classes:** | All Employees classified by the Contract Holder as Hourly. |
| **Minimum Hours Requirement:** | Employees must be working at least 30 hours per week. |
| **Employment Waiting Period:** | You may need to work for your Employer for a continuous period before you become eligible for the plan. The period must be agreed upon by your Employer and Prudential. |
| | Your Employer will let you know about this waiting period. |
| **Elimination Period:** | 90 days. |
| | **Benefits begin the day after the Elimination Period is completed.** |
| **Monthly Benefit:** | 66 2/3% of your monthly earnings, but not more than $2,000. |
| | Your benefit may be reduced by deductible sources of income and disability earnings. Some disabilities may not be covered or may be limited under this coverage. |

**Maximum Period of Benefits:**

| Your Age on Date Disability Begins | Your Maximum Benefit Duration |
|---|---|
| Under age 61 | To your normal retirement age*, but not less than 60 months |
| Age 61 | To your normal retirement age*, but not less than 48 months |
| Age 62 | To your normal retirement age*, but not less than 42 months |
| Age 63 | To your normal retirement age*, but not less than 36 months |
| Age 64 | To your normal retirement age*, but not less than 30 months |
| Age 65 | 24 months |
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 and over | 12 months |

*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.

No contributions are required for your coverage while you are receiving payments under this plan.

**Cost of Coverage:** The long term disability plan is provided to you on a non-contributory basis. The entire cost of your coverage under the plan is being paid by your Employer.

**The above items are only highlights of your coverage. For a full description please read this entire Group Insurance Certificate.**

# Long Term Disability Coverage

## BENEFIT INFORMATION

### How Does Prudential Define Disability?

You are disabled when Prudential determines that:

- you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury*; and

- you have a 20% or more loss in your *indexed monthly earnings* due to that *sickness* or *injury*.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

We may require you to be examined by doctors, other medical practitioners or vocational experts of our choice. Prudential will pay for these examinations. We can require examinations as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim.

*Material and substantial duties* means duties that:

- are normally required for the performance of your regular occupation; and

- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

*Regular occupation* means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

*Gainful occupation* means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 66 2/3% of your indexed monthly earnings within 12 months of your return to work.

*Sickness* means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

*Injury* means a bodily injury that is the direct result of an accident and not related to any other cause. Injury which occurs before you are covered under the plan will be treated as a sickness. Disability must begin while you are covered under the plan.

*Indexed monthly earnings* means your monthly earnings as adjusted on each July 1 provided you were disabled for all of the 12 months before that date. Your monthly earnings will be adjusted on that date by the lesser of 10% or the current annual percentage increase in the Consumer Price Index. Your indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor. Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine your percentage of lost earnings while you are disabled and working.

## How Long Must You Be Disabled Before Your Benefits Begin?

You must be continuously disabled through your *elimination period*. Prudential will treat your disability as continuous if your disability stops for 30 days or less during the elimination period. The days that you are not disabled will not count toward your elimination period.

Your elimination period is 90 days.

*Elimination period* means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential.

## Can You Satisfy Your Elimination Period If You Are Working?

Yes, provided you meet the definition of disability.

## When Will You Begin to Receive Disability Payments?

You will begin to receive payments when we approve your claim, providing the elimination period has been met. We will send you a payment each month for any period for which Prudential is liable.

## How Much Will Prudential Pay If You Are Disabled and Not Working?

We will follow this process to figure out your *monthly payment*:

1. Multiply your monthly earnings by 66 2/3%.
2. The maximum *monthly benefit* is $2,000.
3. Compare the answer in item 1 with the maximum monthly benefit. The lesser of these two amounts is your *gross disability payment*.
4. Subtract from your gross disability payment any *deductible sources of income*.

That amount figured in item 4 is your monthly payment.

After the elimination period, if you are disabled for less than 1 month, we will send you 1/30th of your payment for each day of disability.

83500
CBI-LTD-1057                                                              (S-3)(91046-LTD-H)

11

*Monthly payment* means your payment after any deductible sources of income have been subtracted from your gross disability payment.

*Monthly benefit* means the total benefit amount for which you are insured under this plan subject to the maximum benefit.

*Gross disability payment* means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

*Deductible sources of income* means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

### What Are Your Monthly Earnings?

Monthly earnings means your gross monthly income from your Employer in effect just prior to your date of disability. It does not include income received from commissions, bonuses, overtime pay, any other extra compensation, or income received from sources other than your Employer.

### What Will We Use to Determine Monthly Earnings If You Become Disabled During a Covered Layoff or Leave of Absence?

If you become disabled while you are on a covered layoff or leave of absence, we will use your monthly earnings from your Employer in effect just prior to the date your absence begins.

### How Much Will Prudential Pay If You Work While You Are Disabled?

We will send you the monthly payment if you are disabled and your monthly *disability earnings*, if any, are less than 20% of your indexed monthly earnings due to the same sickness or injury.

If you are disabled and your monthly disability earnings are 20% or more of your indexed monthly earnings, due to the same sickness or injury, Prudential will figure your payment as follows:

During the first 12 months of payments, while working, your monthly payment will not be reduced as long as disability earnings plus the gross disability payment does not exceed 100% of indexed monthly earnings.

1. Add your monthly disability earnings to your gross disability payment.

2. Compare the answer in item 1 to your indexed monthly earnings.

If the answer from item 1 is less than or equal to 100% of your indexed monthly earnings, Prudential will not further reduce your monthly payment.

If the answer from item 1 is more than 100% of your indexed monthly earnings, Prudential will subtract the amount over 100% from your monthly payment.

After 12 months of payments, while working, you will receive payments based on the percentage of income you are losing due to your disability.

1. Subtract your disability earnings from your indexed monthly earnings.

***Maximum period of payment*** means the longest period of time Prudential will make payments to you for any one period of disability.

***Part-time basis*** means the ability to work and earn 20% or more of your indexed monthly earnings.

## What Disabilities Have a Limited Pay Period Under Your Plan?

Disabilities due to a sickness or injury which, as determined by Prudential, are primarily based on ***self-reported symptoms*** have a limited pay period during your lifetime.

Disabilities which, as determined by Prudential, are due in whole or part to ***mental illness*** also have a limited pay period during your lifetime.

The limited pay period for self-reported symptoms and mental illness combined is 24 months during your lifetime.

Prudential will continue to send you payments for disabilities due in whole or part to mental illness beyond the 24 month period if you meet one or both of these conditions:

1. If you are ***confined*** to a ***hospital or institution*** at the end of the 24 month period, Prudential will continue to send you payments during your ***confinement.***

   If you are still disabled when you are discharged, Prudential will send you payments for a recovery period of up to 90 days.

   If you become reconfined at any time during the recovery period and remain confined for at least 14 days in a row, Prudential will send payments during that additional confinement and for one additional recovery period up to 90 more days.

2. In addition to item 1, if, after the 24 month period for which you have received payments, you continue to be disabled and subsequently become confined to a hospital or institution for at least 14 days in a row, Prudential will send payments during the length of the confinement.

Prudential will not pay beyond the limited pay period as indicated above, or the maximum period of payment, whichever occurs first.

Prudential will not apply the mental illness limitation to dementia if it is a result of:

- stroke;
- trauma;
- viral infection;
- Alzheimer's disease; or
- other conditions not listed which are not usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

***Self-reported symptoms*** means the manifestations of your condition, which you tell your doctor, that are not verifiable using tests, procedures and clinical examinations standardly accepted in the practice of medicine. Examples of self-reported symptoms include, but are not limited to headache, pain, fatigue, stiffness, soreness, ringing in ears, dizziness, numbness and loss of energy.

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

05-1155

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED MAY 19 2005 U.S. CLERK'S OFFICE PEORIA, ILLINOIS

## I. (a) PLAINTIFFS
Janetta K. Benson

## DEFENDANTS
The Prudential Insurance Company of America

**(b)** County of Residence of First Listed Plaintiff: **Knox County, Illinois**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Newark, New Jersey**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John R. Rehn, 311 E. Main St, Ste 412, Galesburg, Illinois 61401
(309) 342-4200

Attorneys (If Known)
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 120 N. LaSalle Street, Suite 2600, Chicago, Illinois 60602 (312) 704-0550

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 1132(a)
Brief description of cause:
Claim for Long term disability benefits under group insurance policy

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER 05-L-16

DATE: 05/18/2005
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____