**E-FILED**
Thursday, 30 June, 2005  03:56:53 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JANETTA K. BENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05 cv 1155 |
| v. | ) | |
| | ) | **Honorable Michael M. Mihm** |
| THE PRUDENTIAL INSURANCE COMPANY | ) | **Mag. Judge Byron G. Cudmore** |
| OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT

Defendant The Prudential Insurance Company of America ("Prudential"), by its undersigned attorneys, for its Answer, Affirmative Defenses and Counterclaim to Plaintiff's Complaint, states as follows:

### ERISA CLAIM

1.     The Court has jurisdiction of claims brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1100, *et seq.* (hereinafter "ERISA").

**ANSWER: Prudential views the allegations set forth in ¶ 1 of Plaintiff's Complaint as legal conclusions to which no answer is required.**

2.     Venue is proper as the transactions giving rise to the Complaint occurred within Knox County, Illinois.

**ANSWER: Prudential views the allegations set forth in ¶ 2 of Plaintiff's Complaint as legal conclusions to which no answer is required.**

3.     Janetta K. Benson is an adult resident citizen of Knox County, Illinois.

**ANSWER: Prudential neither admits nor denies the allegations set forth in ¶ 3 of Plaintiff's Complaint for lack of sufficient information to form a belief thereon.**

4.      Prudential is an insurance company incorporated in New Jersey and licensed to do business in Illinois.

**ANSWER: Prudential admits the allegations set forth in ¶ 4 of Plaintiff's Complaint.**

5.      In March 2001 Benson was employed by Dick Blick in Knox County, Illinois.

**ANSWER: Prudential admits the allegations set forth in ¶ 5 of Plaintiff's Complaint.**

6.      During March 2001 as an employment benefit, Benson was insured under a long term disability insurance policy underwritten by Prudential (under group policy #91406 –see excerpts from policy attached as exhibit 1).

**ANSWER: Prudential admits that in March 2001, Plaintiff was a participant in an employee welfare benefit plan, maintained and sponsored by her employer, Dick Blick Holdings, Inc., with long term disability benefits underwritten by Prudential pursuant to the terms of group contract No. 91406 and corresponding certificate of insurance. Further answering, Prudential admits that what appears to be excerpts of the booklet to group contract No. 91406 are attached to the Complaint as Exhibit 1, yet, states that the Contract is a document which speaks for itself and Prudential expressly denies any allegations set forth in ¶ 6 of Plaintiff's Complaint that are inconsistent with such document. Prudential denies all remaining allegations set forth in ¶ 6 of Plaintiff's Complaint.**

7.      On or about March 2001 Benson discontinued working for Dick Blick due to medical problems which were ultimately diagnosed as fibromyalgia.

**ANSWER: Prudential admits the allegations set forth in ¶ 7 of Plaintiff's Complaint.**

8.      The policy explains that a person is disabled when they are unable to perform the material and substantial duties of their regular occupation due to the person's sickness or injury and the covered person has a 20% or more loss in their indexed monthly earnings due to that sickness or injury (see exhibit 1 page 10).

**ANSWER: Prudential admits that page 10 of the booklet to Group Contract No. 91046 contains the disability definition. Further answering, Prudential states that the booklet and the contract are documents that speak for themselves and Prudential expressly denies any statements set forth in ¶ 8 of Plaintiff's Complaint that are inconsistent with such documents.**

9.     Benson is disabled as a result of fibromyalgia and eligible for long term disability benefits under the group policy.

**ANSWER: Prudential denies the allegations set forth in ¶ 9 of Plaintiff's Complaint.**

10.     After initially awarding Benson long term disability benefits, Prudential terminated the benefits in a letter dated June 10, 2002 claiming Benson was not entitled to benefits based upon the pre-existing condition exclusion.

**ANSWER: Prudential admits that it initially awarded long term disability benefits as of June 21, 2001 and terminated Plaintiff's benefits by letter dated June 10, 2002 based on the pre-existing condition exclusion provision in the policy. Prudential did not seek reimbursement for the erroneous overpayment of benefits as a measure of assistance to Plaintiff. Further answering, Prudential states that the June 10, 2002 correspondence is a document which speaks for itself and Prudential expressly denies any statements set forth in ¶ 10 of Plaintiff's Complaint that are inconsistent with such document.**

11.     Benson appealed the June decision and in August 2002, Prudential denied the appeal based upon the pre-existing condition clause.

**ANSWER: Prudential admits that it received a request for reconsideration from Plaintiff and by way of correspondence dated August 6, 2002, communicated to Plaintiff its decision to uphold its earlier termination of Plaintiff's benefits based on the pre-existing condition exclusion under the Policy. Further answering, Prudential states that the August 6, 2002 correspondence is a document that speaks for itself and Prudential expressly denies**

any statements set forth in ¶ 11 of Plaintiff's Complaint that are inconsistent with such document.   Prudential further denies all remaining allegations set forth in ¶ 11 of Plaintiff's Complaint.

12.     On September 12, 2003, Benson made another appeal asserting the pre-existing condition clause was inapplicable.

**ANSWER: Prudential admits that on or about September 12, 2003 it received a second request for reconsideration from Plaintiff.  Prudential states that Plaintiff's letter dated September 12, 2003 is a document which speaks for itself and it expressly denies any allegations set forth in ¶ 12 of Plaintiff's Complaint that are inconsistent with such document.**

13.     On November 24, 2003, Prudential decided that the pre-existing condition clause did not apply.  However, Prudential claimed that the disability benefits should have terminated in June 2003 based upon portions of the policy that limited disability benefits to a 24 month timeframe if the condition was based upon self reporting symptoms.  Additionally, Prudential claimed Benson was limited to 24 months of benefits because the disability was due in whole or part to a mental illness.

**ANSWER: Prudential admits that after receipt of additional and supplemental medical information, it determined that the pre-existing condition exclusion did not apply to Plaintiff's claim and awarded benefits for the period of June 21, 2001 through June 20, 2003.  Prudential further admits that it determined that the mental and neurological condition limitation under the Policy applied to Plaintiff's disability, limiting her benefits to a 24 months period, as well as the self-reported symptom limitation, even though Prudential found no disability based on Plaintiff's self-reported symptoms.  Further answering, Prudential denies all remaining allegations set forth in ¶ 13 of Plaintiff's Complaint.**

269398.1

14.     The policy does have a 24 month limitation on the payment of disability benefits if the sickness or injury is primarily based on self-reported symptoms or which are due in whole or part to mental illness (See page 18 of exhibit 1).

**ANSWER:  Prudential states that the booklet to group contract No. 91406 speaks for itself and it expressly denies any allegations set forth in ¶ 14 of Plaintiff's Complaint that are inconsistent with the document.**

15.     Benson's disability is not primarily based on self-reported symptoms and is not due in whole or part to mental illness.

**ANSWER:   Prudential denies all allegations set forth in ¶ 15 of Plaintiff's Complaint**

16.     In April 2004 Benson appealed Prudential's November 2003 decision.

**ANSWER:  Prudential admits the allegations set forth in ¶ 16 of Plaintiff's Complaint.**

17.     On May 19, 2004, Prudential denied Benson's appeal and informed Benson she had exhausted the appeal process of the policy.

**ANSWER:  Prudential admits that in correspondence dated May 19, 2004 it determined that its previous decision was appropriate and informed Plaintiff that this was the final level of appeal.  Prudential further states that the May 19, 2004 correspondence is a document which speaks for itself and Prudential expressly denies all allegations in ¶ 17 of Plaintiff's Complaint that are inconsistent with such document.   Further answering, Prudential denies all remaining allegations set forth in ¶ 17 of Plaintiff's Complaint.**

18.     Benson is entitled to disability benefits under the Prudential policy.

**ANSWER:  Prudential denies all allegations set forth in ¶ 18 of Plaintiff's Complaint.**

19.     Prudential breached the contract by not paying Benson the benefits she is due.

**ANSWER:** **Prudential objects to the allegations set forth in ¶ 19 of Plaintiff's Complaint as a breach of contract claim is preempted under ERISA. Further answering, Prudential denies the allegations set forth in ¶ 19 of Plaintiff's Complaint.**

20.    Prudential's decision to deny Benson her long term disability benefits was arbitrary, capricious, not made in good faith, unsupported by substantial evidence, erroneous as a matter of law and in violation of ERISA.

**ANSWER:** **Prudential objects to the allegations set forth in ¶ 20 of Plaintiff's Complaint to the extent that it claims that Prudential's determination was "not made in good faith," as a "bad faith claim" is preempted under ERISA. Further answering, Prudential denies all remaining allegations set forth in ¶ 20 of Plaintiff's Complaint.**

21.    As a direct and proximate result of the actions of the defendant Prudential, Benson has incurred and continues to incur attorney's fees in an amount currently not known to plaintiff.

**ANSWER:** **Prudential denies all allegations set forth in ¶ 21 of Plaintiff's Complaint.**

22.    As a direct and proximate result of Prudential's actions, Benson has lost benefits in an amount not known in full by the plaintiff but upon information and belief such loss approximates the amount of benefits due under the terms of the disability policy for each month since June 2003 and the amount Benson will continue to sustain each month until the benefits are paid in full. (Benson acknowledges that Prudential would be due some adjustment to the benefit amount due based upon the social security disability award Benson received).

**ANSWER:** **Prudential denies the allegations set forth in sentence 1 of ¶ 22 of Plaintiff's Complaint. Prudential admits that it would be due adjustment to the benefit amount due to the social security disability award Plaintiff received. Prudential denies all remaining allegations set forth in ¶ 22 of Plaintiff's Complaint.**

WHEREFORE, Prudential requests that this Court enter an order of judgment in favor of Prudential, and against Plaintiff Janetta K. Benson, and that this Court award Prudential such

269398.1

other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (ERISA Preemption)

1.      The application of all state laws relating to employee benefit plans to this case is preempted, as this matter arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA").

2.      To the extent Plaintiff is seeking any remedies herein that are not afforded under ERISA, those claims for remedies are preempted.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

### SECOND AFFIRMATIVE DEFENSE
### (Arbitrary and Capricious Standard of Review)

1.      Prudential's determination is subject to an arbitrary and capricious standard of review. The plan documents provide discretion-granting language granting discretionary authority to Prudential to interpret the terms of the plan and determine eligibility for benefits.  Since Plaintiff cannot meet this standard, she cannot state a claim against Prudential.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

269398.1

### THIRD AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

1.       All or part of Plaintiff's Complaint fails to state a claim against Prudential upon which relief can be granted.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

### FOURTH AFFIRMATIVE DEFENSE
### (Relief Not Available)

1.       Plaintiff seeks relief that is unavailable under ERISA, which provides the exclusive remedies for claims relating to ERISA plans such as the plan at issue in this case.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

### FIFTH AFFIRMATIVE DEFENSE
### (Set Off)

1.       Plaintiff's claims are subject to offset, pursuant to the terms of the Policy by any Social Security Disability Benefits that Plaintiff may receive or has received.

2.       Prudential should be permitted to set off the Social Security Disability Benefits Award received from any judgment rendered in favor of Plaintiff.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including, but not limited to, an award of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132 (g)(1).

## SIXTH AFFIRMATIVE DEFENSE
### (Certificate Of Insurance)

1.      Plaintiff's rights and remedies are limited by the explicit terms of the Certificate of Insurance and Group Contract No. DG-91046-IL.  Said certificate is a written document and, as such, is the best evidence of its terms, conditions, coverage, exclusions, limitations, and all other matters pertaining thereto.  Accordingly, Prudential pleads the Certificate, referred to in the Complaint, as a complete defense to Plaintiff's claim as if copied *in extenso* herein.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

## SEVENTH AFFIRMATIVE DEFENSE
### (Condition Precedent To Coverage)

1.      Plaintiff failed to satisfy all conditions precedent to coverage set forth by the Certificate.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

269398.1

**DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
COUNTERCLAIM FOR RESTITUTION AGAINST PLAINTIFF**

For its counterclaim against Plaintiff Janetta K. Benson ("Plaintiff"), The Prudential Insurance Company of America ("Prudential"), pleading without prejudice to or waiver of its answers and affirmative defenses plead herein, states as follows:

1.     Prudential, is a New Jersey corporation with its principal place of business in Newark, New Jersey, and is licensed to conduct business and is conducting business in the State of Illinois as a provider of insurance and financial products.

2.     Plaintiff is an individual residing in Galesburg, Knox County, Illinois.

3.     This action arises as a compulsory counterclaim pursuant to Fed. R. Civ. P. 13(a) and arises out of the same transaction and occurrence that is the subject matter of the complaint.

4.     For all times material to this pleading, Plaintiff was a participant in an employee welfare benefit plan, sponsored and maintained by her employer, Dick Blick Holdings, Inc., with long term disability benefits underwritten by Prudential pursuant to the terms of Group Long Term Disability Contract No. DG-91046-IL ("Policy"), a copy of which is attached hereto as **Exhibit A.**

## COUNT I – RESTITUTION

5.     Prudential incorporates ¶¶ 1 through 4 above as if fully set forth herein.

6.     On or about July 20, 2001, Prudential received Plaintiff's application for long term disability benefits under the Policy.  After an initial denial, Prudential approved Plaintiff's claim for long term disability benefits and Plaintiff received long term disability benefits under the Policy and pursuant to the terms of the Policy from June 21, 2001 through June 20, 2003.

7.     On or about March 26, 2004, Plaintiff was awarded Social Security Disability Benefits, retroactive to September 2001 in the amount of $391.00 per month.

8.      Due to cost-of living adjustments, Plaintiff's monthly benefit increased as of December 2001 to $402.60, as of January 2002 to $430.30, as of December 2002 to $436.30, as of January 2003 to $448.40 and as of December 2003 to $457.80.

9.      On or April 30, 2004, Plaintiff received the sum of $13,434.00 from Social Security in payment of Social Security Disability Benefits from September 2001 through March 2004.

10.     For the period of June 21, 2001 to June 20, 2003, Plaintiff received $9,056.00.

11.     Under the terms of the Policy, any long-term disability benefits paid by Prudential are directly offset by the total amount of social security, workers' compensation or other collateral benefits that was received for the same time period.

12.     Pursuant to the terms of the Policy and the reimbursement agreement entered into by Plaintiff on or about September 30, 2001, Prudential is entitled to reimbursement for amounts paid by the Social Security Administration for the period of June 21, 2001 through June 20, 2003, during which Prudential paid full benefits under the Policy.  A copy of the reimbursement agreement is attached hereto as **Exhibit B.**

13.     On or about August 26, 2004, Prudential determined an overpayment of benefits in the amount of $9,056.00 and requested reimbursement of such overpayment by letter dated August 26, 2004.

14.     Plaintiff has not complied with her obligation under the Policy and her promise under the Reimbursement Agreement to reimburse overpaid benefits and is still in possession of such funds.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, allowing full restitution in favor of Prudential of the funds which are held

269398.1

by Plaintiff, and award to Prudential such other and further relief as this Court deems just and equitable, including, but not limited to an award of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

Respectfully submitted,

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**

By: _/s/ Edna S. Bailey_____

    Daniel J. McMahon, #06201590
    Jason M. Kuzniar, #06270123
    Edna S. Bailey, #06277775
    **Attorneys for Defendant**
    **The Prudential Insurance Company of America**
    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
    120 North La Salle Street, Suite 2600
    Chicago, Illinois 60602
    Tel. (312) 704-0550
    Fax (312) 704-1522
    mcmahond@wemed.com
    kuzniarj@wemed.com
    baileye@wemed.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on June 30, 2005, she electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John R. Rehn, **johnrrehn@gallatinriver.net**

_/s/ Edna S. Bailey_____
Edna S. Bailey, 6277775
**Attorney for Defendant The Prudential Insurance Company of America**
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
120 North LaSalle Street, Suite 2600
Chicago, Illinois 60602
(312) 704-0550
(312) 704-1522

269398.1