E-FILED
Tuesday, 12 July, 2005  04:34:45 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

JANETTA K. BENSON )
 )
      Plaintiff )
 )
vs. ) Case No. 05-1155
 )
THE PRUDENTIAL INSURANCE COMPANY )
 ) Honorable Michael M. Mihm
      Defendant ) Mag. Judge Bryon C. Cudmore
 )

**ANSWER TO AFFIMRATIVE DEFENSES AND COUNTERCLAIM**

Plaintiff, Janetta K. Benson, by and through her attorney, John Rehn, provides the following answer to the affirmative defenses and counterclaim.

**First Affirmative Defense**

1. Admits

2. Admits that such remedies would be preempted. Denies that such remedies are being sought.

WHEREFORE plaintiff asks the court to deny the first affirmative defense as inapplicable to the present case.

**Second Affirmative Defense**

1. Denies.

WHEREFORE plaintiff asks the court to deny the second affirmative defense and award plaintiff costs and attorney's fees.

**Third Affirmative Defense**

1. Denies

WHEREFORE plaintiff asks the court to award judgment in favor of plaintiff and award plaintiff costs and fees.

### Fourth Affirmative Defense

1. Denies seeking relief unavailable under ERISA. Admits that ERISA provides the exclusive remedy.

WHEREFORE plaintiff asks the court to deny the affirmative defense and award the plaintiff costs and fees.

### Fifth Affirmative Defense

1. Admits (specifically further states that this was in the body of the complaint).

2. Admits.

WHEREFORE as discussed in the initial complaint, plaintiff requests the court enter a judgment in favor of the plaintiff and award plaintiff costs and attorney's fees.

### Sixth Affirmative Defense

1. Admits that right and remedies of the parties are controlled by both the insurance contract and ERISA. Denies that either ERISA or the policy provides a defense to the defendant.

WHEREFORE plaintiff asks the court to deny the sixth affirmative defense and award judgment to the plaintiff including fees and costs.

### Seventh Affirmative Defense

1. Denies.

WHEREFORE plaintiff asks the court to deny the seventh affirmative defense and award judgment to the plaintiff including fees and costs.

## Answer to Counterclaim

1. Admits.

2. Admits.

3. Admits.

4. Admits.

5. Plaintiff incorporates paragraphs 1-4 above.

6. Denies that the payment was pursuant to the terms of the policy. However, plaintiff admits that she received payment and that such payment was initially denied.

7. Admits.

8. Admits.

9. Admits.

10. Benson neither admits or denies and demands strict proof thereof.

11. Benson states that the contract speaks for itself and plaintiff expressly denies any allegations set forth which are inconsistent with that document. Benson expressly denies that Prudential may get credit for cost of living increases per the terms of the policy (see page 16 of policy).

12. Admits that Prudential is entitled to credit for some reimbursement to be applied to the money which Prudential owes Benson for benefits Benson is entitled to but have not been paid. Denies that Prudential is entitled to cost of living increases per terms of the policy.

13. Admits that Prudential requested reimbursement for an alleged overpayment – denies Prudential has made any overpayment in light of Prudential's failure to pay Benson benefits she is entitled to.

14. Plaintiff admits that she has not reimbursed Prudential. However, plaintiff denies she owes Prudential any money in light of their failure to pay Benson disability benefits which exceed the amount that Prudential is seeking in reimbursement. Moreover, plaintiff notes that paragraph 22 of the complaint against Prudential, Benson acknowledged that Prudential would be due some adjustment to the benefit amount due to Benson based upon the social security award Benson received.

WHEREFORE Benson asks the court to enter judgment for Benson and award Benson costs and attorney's fees.

### First Affirmative Defense to Counterclaim

1. Prudential's claims are subject to an offset of the money which Prudential owes plaintiff due to Prudential's breach of the disability insurance policy.

2. Benson should be permitted to set off the reimbursement from any judgment rendered in favor of Prudential.

WHEREFORE Benson requests this court enter a judgment in favor of Benson and against Prudential and that this court award Benson such other and further relief as this court deems just and equitable. Including, but not limited to, an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g)(1).

Respectfully submitted,

s/John Rehn
John Rehn

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Answer to Affirmative Defenses and Counterclaim was electronically mailed pursuant to the electronic filing system to:

Edna S. Bailey
Wilson, Elser, Moskowitz, Edelman  Dicker LLP
120 N. LaSalle St., Suite 2600
Chicago, IL 60602

this 12th day of July 2005.

                 s/ John Rehn
                 John Rehn

John Rehn
ARDC# 06230108
311 E. Main St., Suite 412
Galesburg, Illinois 61401
Phone: 309-342-4200
Fax: 309-341-2462