IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JANETTA K. BENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05 cv 1155 |
| v. | ) | |
| | ) | **Honorable Michael M. Mihm** |
| THE PRUDENTIAL INSURANCE COMPANY | ) | **Mag. Judge Byron G. Cudmore** |
| OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT PROPOSED DISCOVERY PLAN**

Pursuant to this Court's order of July 15, 2005, the parties have conferred pursuant to Fed. R. Civ. P. 26 and Local Rule 26.2 of the United States District Court for the Central District of Illinois to formulate a discovery plan and submit the following:

1.      This cause is an action by Plaintiff Janetta K. Benson ("Plaintiff") for long-term disability benefits under an employee welfare benefit plan, sponsored and maintained by her employer Dick Blick Holdings, Inc, with long term disability benefits underwritten by Defendant The Prudential Insurance Company of America ("Prudential") pursuant to a group long term disability policy ("Policy"). At issue between the parties is the standard of review applicable to this case and the extent and scope of discovery to be conducted and introduced.

2.      Prudential's position is that it has discretionary authority, explicitly granted by the Policy's language and thus, that an arbitrary and capricious standard of review applies in this case. Based on this discretionary authority, discovery should be limited to the administrative record developed during Prudential's review of Plaintiff's claim. Moreover, Prudential's position is that discovery should be limited to the administrative record even if the Court rules that a *de novo* standard of review applies in this case absent Plaintiff's ability to show good

272776.1

cause to go beyond the record. Prudential will produce the claim file and policy documents to Plaintiff within 28 days of August 24, 2005 and will also provide initial disclosures under Fed. R. Civ. P. 26(a)(1) and expects Plaintiff to do the same.

      3.      Plaintiff disagrees with Prudential's position and believes that discovery should be conducted in this case.

PLAINTIFF PROPOSES THE FOLLOWING DEADLINES AND LIMITS:

      a.      Initial disclosures under Rule 26 are to be made by September 15, 2005.

      b.      No motions to join other parties or to amend the pleadings to be filed after October 1, 2005.

      c.      All plaintiffs are to identify testifying experts and to provide Rule 26 expert reports by November 15, 2006. All defendants are to identify testifying experts and to provide Rule 26 expert reports by January 15, 2006.

      d.      The parties have until February 15, 2006 to complete fact discovery. Any written discovery served subsequent to the date of this Order to be served by a date that allows the served party the full 30 days provided by the Federal Rules of Civil Procedure in which to comply. The parties have until February 15, 2006 to complete expert discovery.

      e.      Motions to compel and other motion srelating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than sixty (60) days following the event. (e.g. failure to answer interrogatories, objections to request for production, etc.) that is the subject of this motion. The parties are required to meet and confer on the discovery dispute as required by Rule 37(a) within the 60 day period. Except for good cause shown, any discovery motion that is not timely filed and any discovery motion that is filed after the discovery deadline will not be considered by the Court.

272776.1

f.  The parties shall file their dispositive motions by March 15, 2006. No dispositive motions filed after that date will be considered by the Court.

g.  A settlement conference will be hosted by U.S. Magistrate Judge Byron Cudmore in Springfield at joint request of the parties.

4.  It is Prudential's position that the case should be decided on early cross-motions for summary judgment to be filed by November 15, 2005 and that a trial will not be required.

Dated: August 10, 2005

| JANETTA K. BENSON | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA |
|---|---|
| /s/ John R. Rehn<br>John R. Rehn<br>311 E. Main Street, Suite 412<br>Galesburg, Illinois 61401<br>(309) 342-4200 | /s/ Edna S. Bailey<br>Daniel J. McMahon<br>Jason M. Kuzniar<br>Edna S. Bailey<br>Wilson, Elser, Moskowitz,<br>Edelman & Dicker, LLP<br>120 North LaSalle Street, Suite 2600<br>Chicago, Illinois 60602<br>(312) 704-0550 |

ENTERED: _____

272776.1